IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | |
| RASHEEN MAINOR | NO.  20-219-1 |

**MEMORANDUM OPINION**

Defendant Rasheen Mainor is currently serving a 137-month sentence of imprisonment after pleading guilty to: conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951; Hobbs Act robbery in violation of 18 U.S.C. § 1951; carjacking in violation of 18 U.S.C. § 2119; using, carrying, and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and, aiding and abetting in violation of 18 U.S.C. § 2.  He now moves *pro se* for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) or, alternatively, for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2).

**I.      Compassionate Release**

A motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) "raises three questions: (1) whether there are 'extraordinary and compelling reasons' for modifying an imposed term of imprisonment; (2) whether a new sentence would be consistent with the factors set forth in 18 U.S.C. § 3553(a); and, (3) whether a new sentence would be consistent with any applicable policy statements." *United States v. Carter*, 711 F. Supp.3d 428, 434-35 (E.D. Pa. 2024) (citing *United States v. Pawlowksi*, 967 F.3d 327, 329 (3d Cir. 2020)), *aff'd*, 2024 WL 5339852 (3d Cir. Dec. 2, 2024).[1]

---

[1] Before bringing a motion for compassionate release, a defendant must first exhaust administrative remedies.  *See* 18 U.S.C. § 3582(c)(1)(A).  Here, the Government does not dispute that Mainor has satisfied that requirement.

1

Congress delegated to the United States Sentencing Commission (the "Sentencing Commission") the power to promulgate "general policy statements regarding the sentencing modification provisions in" 18 U.S.C. § 3582(c)(1)(A), which "shall describe what should be considered extraordinary and compelling reasons for sentence reduction." 28 U.S.C. § 994(t). The Sentencing Commission's policy statements, absent unusual circumstances, are binding upon courts. *Cf. United States v. Rutherford*, 120 F.4th 360, 375 (3d Cir. 2024) (citing *United States v. Berberena*, 694 F.3d 514, 522 (3d Cir. 2012)).

Here, Mainor argues that he is entitled to compassionate release under Amendment 814 to the United States Sentencing Guidelines (the "Sentencing Guidelines"), which expanded the categories of "extraordinary and compelling reasons" that may warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). *See* U.S.S.G. § 1B1.13. Specifically, Mainor asserts that he is entitled to relief under the revised "Medical Circumstances" and "Other Reasons" categories because he developed "a serious drug habit at a very young age" and became "estranged from his family." Without any familial support, he was forced "into the streets" where he had to "provide his own, food, clothing, and shelter" and "make his own way." Mainor submits that these experiences should afford him relief under Amendment 814, as they were "difficult and arduous" and ultimately resulted in "criminal activity."

But Mainor's arguments, disturbing as they are, are unavailing here. Starting with his purported first avenue for relief, Amendment 814 added the following two subcategories to Section 1.B1.13(b)(1), which relate to "extraordinary and compelling" medical circumstances:

> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
>
> (D) The defendant presents the following circumstances--

> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>
> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>
> (iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. 1B1.13. The Sentencing Commission explained that subcategory (C) was designed to recognize situations involving "serious medical conditions" that cannot be treated in custodial settings while subcategory (D) was specifically promulgated to "address some of the unique and unforeseen circumstances arising from the COVID-19 pandemic." U.S.S.C., 2023 Amendments in Brief, https://www.ussc.gov/sites/default/files/pdf/amendment-process/amendments-in-brief/AIB_814.pdf. Because Mainor makes no argument that his present circumstances require medical care, let alone any long-term or imminent medical care, his Motion shall be denied in this respect.

Next, Mainor contends that Section 1B.13(b)(5)—titled "other reasons"—justifies compassionate release. That guideline provides that "extraordinary and compelling" circumstances exist when:

> The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

To warrant relief, Mainor must demonstrate that his circumstances "go 'beyond what is usual, customary, or common,' and that 'irreparable harm or injustice would result if the relief is not granted.'" *Carter,* 711 F. Supp.3d at 441 (quoting *United States v. Pollard*, 2020 WL 4674126, at *6 (E.D. Pa. Aug. 12, 2020)). His proffered circumstances—namely, his drug habit and

3

difficult upbringing—do not meet that high bar. "[T]he reasons enumerated by subsections b(1)-(4) are scenarios falling outside the experience of nearly all federal inmates such as a terminal medical condition, dire family emergency, or abuse at the hands of a custodian." *Id*. "[B]y any measure," Mainor's "circumstances are not 'similar in gravity' to the exceptional situations enumerated in subsections b(1)-(4)," so his Motion shall also be denied in this respect. *Id*.

## II.     Modification of Sentence

Mainor next moves for a modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2), which provides a mechanism for a defendant to seek a reduction of his sentence if it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . and made retroactive." *Dillon v. United States*, 560 U.S. 817, 824 (2010). In such cases, "Congress has authorized courts to 'reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* at 825 (quoting 18 U.S.C. § 3582(c)(2)).

Motions brought under 18 U.S.C. § 3582(c)(2) are analyzed according to a two-step inquiry. At step one, a defendant's "eligibility for a sentence modification" must be determined by calculating "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Id.* at 827 (citing U.S.S.G. § 1B1.10). "Consistent with the limited nature of § 3582(c)(2) proceedings," a defendant's sentence cannot be reduced "to a term that is less than the minimum of the amended guideline range," as it would be inconsistent with the Sentencing Commission's Policy Statement. *Id.* (citing U.S.S.G. § 1B1.10(b)(2)(A)). At step two of the inquiry, any applicable factors set forth in 18 U.S.C. § 3553(a) must be considered to determine whether a sentence reduction is warranted under the circumstances. *Id.*

Starting with step one, Mainor invokes Amendment 821 to the Sentencing Guidelines,

4

*see* U.S.S.G. § 4A1.1(e), which, in his view, entitles him to a reduced sentence. Amendment 821 became effective on November 1, 2023, and applies retroactively. *See* U.S.S.G. §§ 1B1.10(a)(1), (d). Prior to that date, the Sentencing Guidelines required the addition of two "status points" to a defendant's criminal history score if he committed the offense at issue "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.C., Commentary to Amendment 821, available at https://www.ussc.gov/guidelines/amendment/821. Part A of Amendment 821 revised that provision to require the addition of only one status point if the defendant: (1) presents a criminal history score of seven or more; and, (2) committed the instant offense while serving a criminal justice sentence. *See* U.S.S.G. § 4A1.1(e). A defendant with a criminal history score of six or fewer now receives no status points. *Id.*

As detailed in the Presentence Investigation Report, Mainor's conduct resulted in an offense level of 28. He received a total criminal history score of four, as he presented with two criminal history points and received two status points because he was on probation at the time he committed the charged conduct. This placed Mainor in Criminal History Category III, which, coupled with the seven-year mandatory minimum tied to the firearm charge, produced a range of 181 to 205 months of imprisonment under the 2021 Sentencing Guidelines, which were then in effect. As stated above, the Sentencing Court ultimately imposed a 137-month term of imprisonment—the sentence jointly recommended by the parties pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

Under Amendment 821, Mainor's conduct still results in a total offense level of 28. It also does not disturb the seven-year mandatory minimum associated with the firearm charge. But because his criminal history score is less than seven, he would not receive any status points.

As a result, his total criminal history score is only two, which places him in Criminal History Category II. Taken together, his amended guidelines range is 171 to 192 months.

Nevertheless, Mainor is not eligible for a reduction in sentence, because his original sentence of 137 months falls well below the amended guidelines range. And "[c]onsistent with the limited nature of § 3582(c)(2) proceedings," his sentence cannot be reduced "to a term that is less than the minimum of the amended guideline range," as it would be inconsistent with the Sentencing Commission's Policy Statement.[2] *Dillon*, 560 U.S. at 827 (citing U.S.S.G. § 1B1.10(b)(2)(A)); *see also United States v. Perez*, 2024 WL 246026, at *2 (E.D. Pa. Jan. 22, 2024) ("The Sentencing Commission's Policy Statement . . . prevents us from re-sentencing [a defendant] below the . . . low-end of his amended sentence range."); *United States v. Badri*, 2024 WL 2092982, at *1 (E.D. Pa. May 9, 2024) (same). Thus, because Mainor is not eligible for a reduced sentence under Amendment 821, his Motion shall be denied in this respect.

### III.    Conclusion

For the foregoing reasons, Mainor's Motion shall be denied in its entirety. An appropriate order follows.

**BY THE COURT:**

**S/ WENDY BEETLESTONE**

**WENDY BEETLESTONE, J.**

---

[2] The exception to that rule is where "the defendant[ ] [provided] substantial assistance to authorities," in which case "a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate." U.S.S.G. § 1B1.10(b)(2)(B). Neither the Presentence Investigation Report nor Mainor's Motion indicate that he provided substantial assistance to authorities. Moreover, any reduction pursuant to that provision must come via a "government motion" demonstrating the extent of Mainor's substantial assistance, *see id.*, which has not been filed in this case. *See also United States v. Woods*, 500 F. App'x 109, 112 n.3 (3d Cir. 2012) ("This exception is not applicable in [Defendant's] case because no such motion to reflect substantial assistance was filed [by the government]."); *United States v. Badri*, 2024 WL 2092982, at *1 (E.D. Pa. May 9, 2024) (explaining this exception in the context of Amendment 821).